**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 3 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBERT G. STEFFEN,

     Plaintiff-Appellant,

and

DAN HENRY TIJERINA,

     Plaintiff,

v.

OFFENDER MANAGEMENT
REVIEW COMMITTEE; DAVID
BRADBURY, Captain; DALE
WHITNEY, Lieutenant; GAYLA
WHITNEY, Caseworker; HANK
GALETKA, Warden; ANNABELLE
JACKERELL, Assistant Warden;
MEREDITH JOHNSON, Caseworker;
FNU CORSI, Lieutenant,

     Defendants-Appellees.

No. 01-4064
(District of Utah)
(D.C. No. 2:00-CV-539 B)

---

**ORDER AND JUDGMENT**[*]

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **HENRY**, **BRISCOE,** and **MURPHY**, Circuit Judges.

_____

After examining appellant's brief and the appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Proceeding *pro se*, Robert G. Steffen, appeals the district court's dismissal of the civil rights complaint he brought pursuant to 42 U.S.C. § 1983. Steffen's complaint contained allegations that defendants, while acting under the color of state law, had deprived him of his constitutional rights in violation of the First and Fifth Amendments.

Steffen filed his § 1983 complaint on July 10, 2000. On February 6, 2001, the district court ordered Steffen to complete a certified statement that he had fully completed all administrative remedies available to him on all claims alleged in his complaint. Steffen was given thirty days to submit the certified statement to the district court. As of March 20, 2001, Steffen had not complied with the court's order and had not submitted the required certified statement. Accordingly, the district court dismissed Steffen's complaint without prejudice for failure to exhaust his administrative remedies. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted.")

In his appellate brief, Steffen summarily reiterates the claims set forth in his complaint. Steffen offers no argument that the district court's conclusion regarding the exhaustion of his administrative remedies is erroneous. This court finds no reversible error in the district court's order. Upon review of Steffen's appellate brief and *de novo* review of the entire record on appeal, this court **affirms** the district court's dismissal of Steffen's complaint for substantially those reasons set forth in the district court's order dated March 20, 2001.

Steffen has also filed with this court a motion styled, "Motion Requesting Federal Protection." Because the claims contained in that motion have not yet been presented to the district court, the motion is **denied**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge